## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHONTA JONES**, *et al.*, <br><br> **Plaintiffs,** <br><br><br> **v.** <br><br> **THE DISTRICT OF COLUMBIA PUBLIC SCHOOLS,** <br><br> **Defendant.** | **CA: 18-cv-17 (TNM/DAR)** |

## <u>THE DISTRICT OF COLUMBIA'S MOTION TO DISMISS.</u>

The District of Columbia Public Schools ("DCPS") and the District of Columbia ("the District"), by and through undersigned counsel, moves the Court for an order dismissing the Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), on the following grounds: (1) DCPS is *non sui juris, i.e.* it is a subordinate agency of the District and cannot be sued separate and apart from the District; (2) Plaintiff, Shonta Jones, cannot sue either DCPS or the District, as the State Education Agency ("SEA"), in her dispute with a Local Education Agency-Public Charter ("LEA-Public Charter") over whether it complied with the Individuals with Disabilities Act, 20 U.S.C. § 1400 *et seq*. ("IDEA") in giving her son a free appropriate public education ("FAPE"); and (3) Ms. Jones' Complaint, which challenges an administrative hearing officer's determination ("HOD") under the IDEA, is untimely brought in this Court after the time limit for challenging the HOD had passed. Fed. R. Civ. P. 12(b)(1); 12(b)(6).

The grounds for this motion are more fully set forth in the accompanying memorandum of points and authorities and incorporated herein by reference. A proposed order is also attached.


Respectfully submitted,

KARL A. RACINE
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*Glenn T. Marrow*
GLENN T. MARROW
Chief, Civil Litigation Division Section II[1]

*/s/ Aaron J. Finkhousen*
AARON J. FINKHOUSEN [1010044]
Assistant Attorney General
Suite 630 South
441 Fourth Street, NW
Washington, D.C.  20001
(202) 724-7334
(202) 730-0493 (fax)
aaron.finkhousen@dc.gov

---

[1] Admitted to the State of Maryland and the State of New York only and practicing in the District under supervision of George Valentine, a member of the District of Columbia bar, pursuant to D.C. Rule 49(c).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SHONTA JONES**, *et al*, | |
| **Plaintiffs,** | |
| | |
| **v.** | **CA: 18-cv-17 (TNM/DAR)** |
| | |
| **THE DISTRICT OF COLUMBIA PUBLIC SCHOOLS,** | |
| | |
| **Defendant.** | |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF THE DISTRICT OF COLUMBIA'S MOTION TO DISMISS**

INTRODUCTION

The above captioned matter is brought by Plaintiff, Shonta Jones ("Plaintiff" or Ms. Jones") against Defendant, the District of Columbia Public Schools ("DCPS") under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*[2]   *See* Cmplt. at 1-3 [1]. However, a plain reading of the subject matter of Ms. Jones' Complaint is her averment that St. Coletta, a public charter school in the District of Columbia ("the District"), failed to provide her son, student S.C., with a free appropriate public education ("FAPE") as required by the IDEA. *See Id.*

DCPS and the District (the real party in interest), have now filed a dispositive motion with the Court seeking to dismiss the Complaint with prejudice.  The Court should grant the motion and dismiss the Complaint, with prejudice, for several reasons.  First, Plaintiff has inappropriately named DCPS as a Defendant, and not the District.  In other words, DCPS is a subordinate agency of the District and is not independently capable of suing or being sued (*non-sui juris*).

---

[2] Ms. Jones is *pro se.*

Second (and in any event), it is inappropriate for Ms. Jones to sue either DCPS or the District under the IDEA.  This is because her dispute is with a Local Education Agency-Public Charter ("LEA-Public Charter"), St. Coletta,  and the caselaw in this Court is clear that ordinarily the District as the State Education Agency ("SEA") is not a proper party to a dispute between a parent and an LEA Public Charter, absent a specific allegation that the SEA independently violated the IDEA.  There is no such finding in the administrative Hearing Officer Decision ("HOD") by the Independent Hearing Officer ("IHO") (attached), nor is there any specific allegation of independent wrongdoing by the DCPS or the District.  *See* Compl. at 1-3.

Finally, even if the Court substitutes the District as a Defendant in this case, the Court should still dismiss the Complaint because it is untimely.  In other words, because this lawsuit challenges the HOD, Ms. Jones was required to file her Complaint in this Court within ninety (90) days of the date of the HOD, September 24, 2017.  Instead, the Complaint was filed on January 4, 2018, one hundred and two (102) days after the HOD was issued.

STATEMENT OF FACTS

The Complaint.

Although the Complaint is not a model of clarity, a fair reading of the Complaint filed in this case is that Ms. Jones' is alleging that the IHO erred when issuing the HOD in her dispute with St. Coletta.  *See* Compl. at 1-3.  This conclusion is largely based on the allegations contained in the Complaint itself, including, but not limited to, the following: (1) Plaintiff's references to evidence and testimony that she views as favorable in the administrative record before the IHO and the HOD; (2) Plaintiff's allegations that St. Coletta has refused to consider the recommendations of an Independent Educational Evaluation ("IEE") for her son, S.C., who suffers from Autism; (3) Plaintiff's allegation that St. Coletta denied student S.C. a FAPE by refusing to

adopt the recommendations of the IEE and to amend the Individualized Education Program ("IEP") of student S.C. in accordance with those recommendations, *i.e.*, the IEE recommended that S.C. receive Applied Behavioral Analysis Therapy ("ABA Therapy") at "maximum intensity"; and lastly, (4) Plaintiff's allegation that student S.C. 's location or services and/or education placement is inappropriate, and he is entitled to a placement at the Center for Autism Related Disorders. *See* Cmplt at 1-3. For relief, Plaintiff seeks a Court order reversing the HOD and awarding publicly-funded private placement at the Center for Autism Related Disorders. *See Id.*

Importantly, there is no specific allegation of wrong doing on the part of DCPS. *See Id.* The Complaint only alleges that St. Coletta was aware that Ms. Jones was referred to "the Student Placement Office" in November 2016, but states that she was referred back to St. Coletta and that her appointment was cancelled. *See* Compl. at 3. Ms. Jones alleges that St. Coletta retaliated against her by making a referral to the District's Child and Family Services Agency ("CFSA") for an investigation of educational neglect.

    The HOD.

Ms. Jones began her administrative suit by filing a due process complaint on July 5, 2017. *See* Ex. 1, HOD at 1. The IHO resolved that complaint and issued an HOD on September 24, 2017. Ex. 1 at 1, 23. Plaintiffs then filed this civil action challenging the HOD on January 4, 2018. *See* Compl at 1.

The HOD explains why St. Colletta made a referral to CFSA. *See* Ex 1, HOD at 8-9. In late October 2016, Ms. Jones, without informing St. Coletta, decided to withdraw S.C. from the school, and placed him full time in the Center for Autism and Related Disorders for treatment. Ex. 1, HOD at 8-10, 21. This was at the apex of Ms. Jones's dispute with St. Coletta about providing ABA therapy to S.C. to deal with his behavioral issues in school. *Id.* The IHO found St. Coletta

made the referral to CFSA after Ms. Jones was not forthcoming about S.C.'s whereabouts and he had been chronically absent from school (to the point where by law he was considered a truant). *Id.* The IHO found that St. Colletta acted reasonably under the circumstances. *Id.*

STANDARD OF REVIEW[3]

I.    Rule 12(b)(1)

Dismissal under Rule 12(b)(1) is appropriate where a court lacks jurisdiction over a complaint. The party asserting jurisdiction has the burden to establish that it exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008); *Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C. 2006). "However, since the plaintiff has the burden of establishing the Court's jurisdiction, the 'plaintiff's factual allegations in the complaint ... will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim.' " *Wilson v. Gov't of District of Columbia*, 269 F.R.D. 8, 11 (D.D.C. 2010) (quoting G*rand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13–14 (D.D.C.2001) (citation and internal quotation marks omitted)). Moreover, the Court is not limited to the allegations set forth in the complaint, and "may consider materials outside [of] the pleadings." *Wilson* , 269 F.R.D. at 11 (quoting *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C.Cir.2005) (citation omitted); *Bank of America, N.A. v. FDIC*, 908 F. Supp. 2d 60, 76 (D.D.C. 2012).

---

[3]    The District brings this motion under Rules 12(b)(1) and 12(b)(6). The law is less than clear as to whether courts should resolve motions to dismiss alleging violations of the statute of limitations under Rule 12(b)(1) or under Rule 12(b)(6), but that is immaterial for purposes of the District's motion. Because the Complaint refers to Ms. Jones' dispute with St. Colletta, including her son's experience while enrolled in that District public charter school, the District is attaching that HOD which discusses the very issues Ms. Jones is referring to, and the Court is allowed to consider the HOD either under Rule 12(b)(1) or Rule 12(b)(6). *See Wilson v. Gov't of District of Columbia*, 269 F.R.D. 8, 11–13 (D.D.C. 2010)(discussing standard of review for statute of limitations defense to attorneys' fees claim under Rule 12(b)(1) and Rule 12(b)(6) and noting that the Court can consider materials outside of the four corners of the pleadings).

4

II.    Rule 12(b)(6)

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is appropriate when a party has failed to set forth "a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   Furthermore, the Court can also consider material incorporated by reference in the Complaint or facts of which it can take judicial notice.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007) ("Second, courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. (citing 5B Wright & Miller § 1357 (3d ed.2004 and Supp.2007)); *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997) ("In determining whether a complaint fails to state a claim, we may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which we may take judicial notice." (citations and footnote ommited)).

Although the allegations in the complaint must be taken as true, a plaintiff must offer "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Jackson v. District of Columbia*, 826 F. Supp. 2d 109, 120 (D.D.C. 2011).  Thus, courts need not accept as true "naked assertions devoid of further factual enhancement."  *Iqbal*, 556 U.S. at 679.  Critically, this also means that, the Court is not bound to adopt "inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint."  *Kowal v. MCI Comms. Corp., Inc.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

It is only after a pleading is stripped of its allegations that *are not* entitled to the presumption of truth, the Court can then analyze the remaining *factual* allegations to determine if they state a "plausible" claim for relief (emphasis added). *See Iqbal* 556 U.S. at 662; *Twombly*, 550 U.S. at 570; *JSC Transmashholding v. Miller*, 70 F. Supp. 3d 516, 520 (D.D.C. 2014). "But raising a 'sheer possibility that a defendant has acted unlawfully' fails to satisfy the facial plausibility requirement." *JSC Transmashholding*, 70 F. Supp. 3d at 520 (quoting *Iqbal,* 556 U.S. at 678). Rather, a claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *JSC Transmashholding*, 70 F. Supp. 3d at 520–21 (quoting *Iqbal*, (citing *Twombly,* 550 U.S. at 556).

As shown below the Complaint fails to state a *plausible* claim for relief, under any theory of liability posited in the Complaint.

<u>ARGUMENT</u>

I.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE DCPS IS *NON SUI JURIS*.

First, the Complaint should be dismissed because names only DCPS as a Defendant. *See* Cmplt at p. 1 (Caption). Agencies that are subordinate to the mayor are not capable of suing or being sued absent explicit statutory authority. *Simmons v. Dist. of Columbia Armory Bd.*, 656 A.2d 1155, 1157 (D.C. 1995); *see also Amobi v. Dist. of Columbia Dep't. of Corrections*, 755 F.3d 980, 987 n.5 (D.C. Cir. 2014) (noting agencies subordinate to the mayor are *non sui juris*). DCPS is a subordinate agency pursuant to D.C. Code §§ 1-603.01(17)(EEE) (defining DCPS as a subordinate agency) and 38-171 ("Pursuant to § 1-204.04(b), the Council establishes the District of Columbia Public Schools ('DCPS') as a separate cabinet-level agency, subordinate to the mayor, within the executive branch of the District of Columbia government."). Because there is no statutory authorization for suing DCPS, the Court should dismiss the Complaint.

II.   DCPS Or The District (As SEA) Are Not Proper Parties To A Dispute Between Ms. Jones and St. Coletta (An LEA-Public Charter) Over Whether It Provided Student S.C. With A FAPE, In The Absence of Allegations Of Specific And Independent Violations Of The IDEA On The Part Of The SEA.

The Court must dismiss the claims against DCPS for reasons that are fully independent of its *non-sui juris* status.  Stated simply, St. Coletta is a public charter school in the District, and it is independently responsible for its compliance with the IDEA.  *See e.g.*, *B.R. ex rel. Rempson v. D.C.*, 802 F. Supp. 2d 153, 161 (D.D.C. 2011) ("An LEA charter school is an independent entity for the purpose of ensuring compliance with the IDEA and is required to provide special education to the disabled children enrolled at its facilities.") (citing *Friendship Edison Pub. Charter Sch. Collegiate Campus v. Murphy,* 448 F. Supp. 2d 166, 169 (D.D.C. 2006) ("The plaintiff first contends that DCPS is responsible for ensuring compliance with the IDEA…. As an LEA charter, however, the plaintiff, not D.C., is required to provide special education to the disabled children enrolled at its facilities. D.C. Mun. Regs. 5, §§ 3019.3, 3019.8.")); *see also Thomas v. District of Columbia*, 773 F. Supp. 2d 15, 20 (D.D.C. 2011); *Hyde Leadership Pub. Charter Sch. v. Clark*, 424 F. Supp. 2d 58, 59 (D.D.C. 2006); *IDEA Pub. Charter Sch. v. Belton*, No. CIV.A. 05-467 (RMC), 2006 WL 667072, at *2 (D.D.C. Mar. 15, 2006).

Importantly, when there is a dispute between a parent and a LEA public charter (such as St. Coletta) over whether the school has provided a disabled student a FAPE, the SEA has *no* power to review, or overturn, the decision of the IHO on the issues presented at the administrative due process hearing.  *See Murphy*, 448 F. Supp. 2d at 170 ("But, the hearing officer is an independent agent, not a D.C. employee… In addition, the defendant 'ha[s] no authority to direct, rescind, overrule, modify, or alter the substantive decision of any hearing officer.'") (citations omitted)).

It is for these reasons that several judges of this Court have expressly held that the District

7

*is not* a proper party in a dispute between a parent of a disabled child and a LEA public charter

(like St. Coletta) on the legal question of whether the LEA public charter provided a disabled child

with a FAPE. *See e.g., B.R. ex rel. Rempson*, 802 F. Supp. 2d at 161 ("Accordingly, the court

concludes that [the District] cannot be held liable for any violations of the child find requirement

allegedly committed by SEED and grants [the District's] cross-motion on this issue."); *Thomas*,

773 F. Supp. 2d at 21 ("Therefore, because City Lights was the entity responsible for ensuring that

T.T. received a FAPE and neither City Lights nor the plaintiff ever notified the [District] that City

Lights could not perform that duty, the plaintiff has not stated a plausible claim against the

[District]."); *see also Murphy*, 448 F. Supp. 2d  at 170; *Hyde Leadership Pub. Charter Sch*, 424 F.

Supp. at 60.

        The only exception to this rule is where the public charter notified the SEA that it is not

able, or unwilling to, provide the disabled child with a FAPE (and the SEA agrees to pick up the

responsibility for doing so), or if the HOD specifically orders the SEA to provide the child with a

FAPE. *See e.g., B.R. ex rel. Rempson*, 802 F. Supp. 2d at 161 ("The SEA may only be held

responsible for developing and implementing a FAPE, however, if an LEA previously notified the

SEA that it was unwilling or unable to provide a FAPE to a child, and the SEA agreed to assume

responsibility, or if a hearing officer directed the SEA to provide the child with an FAPE.  (citations

omitted)); *see also Thomas*, 773 F. Supp. at 21 (District not responsible for FAPE violation by

LEA public charter without notice); *Murphy*, 448 F.Supp.2d at 169–70 (same).

        In the case at bar, the Court can take judicial notice that St. Coletta is a public charter school

in the District. *Ex. 1*, HOD at Appendix A.[4]   There is no allegation in the Complaint that St.

---

[4] http://www.dcpcsb.org/school/st-coletta-special-education-pcs

Coletta could not, or was unwilling to, provide student A.S. with a FAPE, or that it *ever* notified DCPS (as SEA) of this fact.  *See* Compl. at 1-3; Ex. 1, HOD at 1-23.

Moreover, there is no allegation of specific, independent wrongdoing on the part of the District.  *See* Compl. at 1-3.  Likewise, there is no factual findings of wrongdoing in the HOD concerning the District, including significantly, the controversy surrounding the referral to CFSA. *See* Ex. 1, HOD at 8-10, 21; *cf.* Compl at 3.

Simply put, because St. Coletta is independently responsible for compliance with the IDEA, Ms. Jones' lawsuit against DCPS should be dismissed, with prejudice.

III.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT IS UNTIMELY.

The Complaint is untimely because it was not brought within 90 days of the issuance of the HOD.  20 U.S.C. § 1415(i) creates a right to bring a civil action within 90 days of the issuance of an HOD.  20 U.S.C. § 1415(i)(2)(B) ("The party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows."); *see also Smith v. District of Columbia*, 496 F. Supp. 2d 125, 128 (D.D.C. 2007) (dismissing an IDEA administrative appeal because it was filed four days late).

Attached to this motion as Exhibit 1 is a copy of the HOD from which Plaintiffs bring their appeal.  Ex. 1.  The HOD is clear that it was issued on September 24, 2017.  *Id.* at 1, 23.  Ninety days from September 24, 2017 is December 23, 2017.  Plaintiffs filed their complaint on January 4, 2018.  Compl. [1].  Therefore, because Plaintiffs filed their complaint 102 days after the HOD, the Court should dismiss the Complaint, with prejudice.

<u>CONCLUSION</u>

For the reason stated above, the Court should dismiss the Complaint with prejudice.

Respectfully submitted,

KARL A. RACINE
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*Glenn T. Marrow*
GLENN T. MARROW
Chief, Civil Litigation Division Section II[5]

*/s/ Aaron J. Finkhousen*
AARON J. FINKHOUSEN [1010044]
Assistant Attorney General
Suite 630 South
441 Fourth Street, NW
Washington, D.C.  20001
(202) 724-7334
(202) 730-0493 (fax)
aaron.finkhousen@dc.gov

---

[5] Admitted to the State of Maryland and the State of New York only and practicing in the District under supervision of George Valentine, a member of the District of Columbia bar, pursuant to D.C. Rule 49(c).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SHONTA JONES, *et al.*,** | |
| **Plaintiffs,** | |
| **v.** | **CA: 18-cv-17 (TNM/DAR)** |
| **THE DISTRICT OF COLUMBIA PUBLIC SCHOOLS,** | |
| **Defendant.** | |

## <u>ORDER</u>

Upon consideration of Defendant's Motion to Dismiss, any opposition thereto, Defendant's Reply, and the entire record herein, it is by the Court this _____ day of _____, 2018, hereby

**ORDERED** that Defendant's Motion is **GRANTED**; and it is

**FURTHER ORDERED** that the Plaintiff's Complaint is hereby **DISMISSED**, with prejudice.

_____
Judge Trevor N. McFadden
United States District Court
for the District of Columbia