**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SHONTA JONES,** *et al.*, <br><br> **Plaintiffs,** <br><br><br> **v.** <br><br> **THE DISTRICT OF COLUMBIA PUBLIC SCHOOLS,** <br><br> **Defendant.** | **CA: 18-cv-17 (TNM/DAR)** |

<u>**THE DISTRICT OF COLUMBIA'S MOTION TO DISMISS.**</u>

The District of Columbia Public Schools ("DCPS") and the District of Columbia ("the District"), by and through undersigned counsel, moves the Court for an order dismissing the Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), on the following grounds: (1) DCPS is *non sui juris, i.e.* it is a subordinate agency of the District and cannot be sued separate and apart from the District and (2) Ms. Jones' Complaint, which challenges an administrative hearing officer's determination ("HOD") under the IDEA, is untimely brought in this Court after the time limit for challenging the HOD had passed. Fed. R. Civ. P. 12(b)(1); 12(b)(6).

The grounds for this motion are more fully set forth in the accompanying memorandum of points and authorities and incorporated herein by reference. A proposed order is also attached.

Respectfully submitted,

KARL A. RACINE
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General

Civil Litigation Division

*Glenn T. Marrow*
GLENN T. MARROW [252713]
Chief, Civil Litigation Division Section II

*/s/ Aaron J. Finkhousen*
AARON J. FINKHOUSEN [1010044]
Assistant Attorney General
Suite 630 South
441 Fourth Street, NW
Washington, D.C.  20001
(202) 724-7334
(202) 730-0493 (fax)
aaron.finkhousen@dc.gov


Certificate of Service

This certifies that on February 22, 2019, I caused a true copy of this document to be

served upon plaintiff by U.S. Mail, firstclass, postage prepaid at the following address:

Shonta Jones
117 Franklin Street, NE
Apt. I 14
Washington, DC 20002

*/s/ Aaron Finkhousen*
Aaron Finkhousen

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SHONTA JONES**, *et al*, <br><br> **Plaintiffs,** <br><br><br> **v.** <br><br><br> **THE DISTRICT OF COLUMBIA PUBLIC SCHOOLS,** <br><br> **Defendant.** | **CA: 18-cv-17 (TNM/DAR)** |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF THE DISTRICT OF COLUMBIA'S MOTION TO DISMISS**

### INTRODUCTION

The above captioned matter is brought by Plaintiff, Shonta Jones ("Plaintiff" or Ms. Jones") against Defendant, the District of Columbia Public Schools ("DCPS") under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*[1] *See* Cmplt. at 1-3 [1].   However, a plain reading of the subject matter of Ms. Jones' Complaint is her averment that St. Coletta, a public charter school in the District of Columbia ("the District"), failed to provide her son, student S.C., with a free appropriate public education ("FAPE") as required by the IDEA.   *See Id.*

On March 13, 2018, DCPS filed a motion to dismiss.   Mot. to Dismiss [8].   After Plaintiff failed to respond to the motion, the Court scheduled a status conference on May 24, 2018.   Dkt. at 5/24/2018.   At the status conference, Plaintiff claimed to have not received a copy of DCPS's motion because she changed her address[2] but failed to notify the Court or the

---

[1]      Ms. Jones is *pro se.*

[2]      Notice of the change of address for a party not represented by an attorney "must be filed within 14 days of the change."   LCvR 5.1(c)(1).   Because Plaintiff (apparently) did not inform

defendant of the change in her address.  Counsel for the District provided an extra copy of the motion to dismiss to Plaintiff at the same status conference.  Also at the May 24, 2018 status conference, the Court ordered Plaintiff to respond to the defendant's motion to dismiss on or before June 25, 2018.  Plaintiff violated that order.  On July 5, 2018, Defendant filed a response summarizing the history of the case, detailing Plaintiff's failures to comply with Court-ordered deadlines and petitioned the Court for a dismissal. Def.'s Reply in Support of Motion to Dismiss [13].  On July 8, 2018, Plaintiff filed an opposition to the District's motion that only addressed one of the District's arguments and appeared to be incomplete and which was directed a filing other than Defendant's motion to dismiss.  Resp. to Mot. to Dismiss for Lack of Jurisdiction [14].  On August 21, 2018, Plaintiff filed a declaration that included the rest of her response to Defendant's motion to dismiss.  Affidavit [15].

The Court then held a hearing to ascertain the status of the case and determined to give Plaintiff yet another opportunity to respond to Defendant's motion to dismiss by ordering Defendant to re-file a new motion.

Therefore, the District moves the Court to dismiss the complaint.

First, the Court should dismiss the case because DCPS is non sui juris.  DCPS is an agency of the District of Columbia that is subordinate to the Mayor and has no legal existence on its own.

Second, the Court should dismiss the Complaint because it is untimely.  In other words, because this lawsuit challenges the HOD, Ms. Jones was required to file her Complaint in this Court within ninety (90) days of the date of the HOD, September 24, 2017.  Instead, the

---

the Court of her change of address until the May 24, 2018 hearing, and because Defendant mailed its motion to dismiss to the address provided on the complaint on March 13, 2018, which Plaintiff claimed not to have received because of her change of address, it appears Plaintiff also violated local rules 5.1 and 11.1, which provides the same requirement as rule 5.1(c)(1).

2

Complaint was filed on January 4, 2018, one hundred and two (102) days after the HOD was issued.

## STATEMENT OF FACTS

### The Complaint.

Although the Complaint is not a model of clarity, a fair reading of the Complaint filed in this case is that Ms. Jones' is alleging that the IHO erred when issuing the HOD in her dispute with St. Coletta.   *See* Compl. at 1-3.   This conclusion is largely based on the allegations contained in the Complaint itself, including, but not limited to, the following: (1) Plaintiff's references to evidence and testimony that she views as favorable in the administrative record before the IHO and the HOD; (2) Plaintiff's allegations that St. Coletta has refused to consider the recommendations of an Independent Educational Evaluation ("IEE") for her son, S.C., who suffers from Autism; (3) Plaintiff's allegation that St. Coletta denied student S.C. a FAPE by refusing to adopt the recommendations of the IEE and to amend the Individualized Education Program ("IEP") of student S.C. in accordance with those recommendations, *i.e.*, the IEE recommended that S.C. receive Applied Behavioral Analysis Therapy ("ABA Therapy") at "maximum intensity"; and lastly, (4) Plaintiff's allegation that student S.C. 's location or services and/or education placement is inappropriate, and he is entitled to a placement at the Center for Autism Related Disorders.   *See* Cmplt at 1-3.   For relief, Plaintiff seeks a Court order reversing the HOD and awarding publicly-funded private placement at the Center for Autism Related Disorders.   *See Id.*

Importantly, there is no specific allegation of wrong doing on the part of DCPS.   *See Id.* The Complaint only alleges that St. Coletta was aware that Ms. Jones was referred to "the Student Placement Office" in November 2016, but states that she was referred back to St. Coletta

and that her appointment was cancelled.  *See* Compl. at 3.    Ms. Jones alleges that St. Coletta retaliated against her by making a referral to the District's Child and Family Services Agency ("CFSA") for an investigation of educational neglect.

### The HOD.

Ms. Jones began her administrative suit by filing a due process complaint on July 5, 2017.  *See* Ex. 1, HOD  at 1.  The IHO resolved that complaint and issued an HOD on September 24, 2017.  Ex. 1 at 1, 23.  Plaintiffs then filed this civil action challenging the HOD on January 4, 2018.  *See* Compl at 1.

The HOD explains why St. Colletta made a referral to CFSA.  *See* Ex 1, HOD at 8-9.   In late October 2016, Ms. Jones, without informing St. Coletta, decided to withdraw S.C. from the school, and placed him full time in the Center for Autism and Related Disorders for treatment. Ex. 1, HOD at 8-10, 21.  This was at the apex of Ms. Jones's dispute with St. Coletta about providing ABA therapy to S.C. to deal with his behavioral issues in school.  *Id.*  The IHO found St. Coletta made the referral to CFSA after Ms. Jones was not forthcoming about S.C.'s whereabouts and he had been chronically absent from school (to the point where by law he was considered a truant).    *Id.*      The IHO found that St. Colletta acted reasonably under the circumstances.  *Id.*

### STANDARD OF REVIEW[3]

---

[3]      The District brings this motion under Rules 12(b)(1) and 12(b)(6).  The law is less than clear as to whether courts should resolve motions to dismiss alleging violations of the statute of limitations under Rule 12(b)(1) or under Rule 12(b)(6), but that is immaterial for purposes of the District's motion.  Because the Complaint refers to Ms. Jones' dispute with St. Coletta, including her son's experience while enrolled in that District public charter school, the District is attaching that HOD which discusses the very issues Ms. Jones is referring to, and the Court is allowed to consider the HOD either under Rule 12(b)(1) or Rule 12(b)(6).  *See Wilson v. Gov't of District of Columbia*, 269 F.R.D. 8, 11–13 (D.D.C. 2010)(discussing standard of review for statute of limitations defense to attorneys' fees claim under Rule 12(b)(1) and Rule 12(b)(6) and noting

I.    Rule 12(b)(1)

Dismissal under Rule 12(b)(1) is appropriate where a court lacks jurisdiction over a complaint. The party asserting jurisdiction has the burden to establish that it exists.  *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008); *Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C. 2006).  "However, since the plaintiff has the burden of establishing the Court's jurisdiction, the 'plaintiff's factual allegations in the complaint ... will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim.' " *Wilson v. Gov't of District of Columbia*, 269 F.R.D. 8, 11 (D.D.C. 2010) (quoting G*rand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13–14 (D.D.C.2001) (citation and internal quotation marks omitted)). Moreover, the Court is not limited to the allegations set forth in the complaint, and "may consider materials outside [of] the pleadings." *Wilson* , 269 F.R.D. at 11 (quoting *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C.Cir.2005) (citation omitted); *Bank of America, N.A. v. FDIC*, 908 F. Supp. 2d 60, 76 (D.D.C. 2012).

II.    Rule 12(b)(6)

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is appropriate when a party has failed to set forth "a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   Furthermore, the Court can also consider material incorporated by reference in the Complaint or facts of which it can take judicial notice.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007) ("Second, courts must consider the complaint in its

---

that the Court can consider materials outside of the four corners of the pleadings).

entirely, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. (citing 5B Wright & Miller § 1357 (3d ed.2004 and Supp.2007)); *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997) ("In determining whether a complaint fails to state a claim, we may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which we may take judicial notice." (citations and footnote ommited)).

Although the allegations in the complaint must be taken as true, a plaintiff must offer "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Jackson v. District of Columbia*, 826 F. Supp. 2d 109, 120 (D.D.C. 2011). Thus, courts need not accept as true "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 679. Critically, this also means that, the Court is not bound to adopt "inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Comms. Corp., Inc.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

It is only after a pleading is stripped of its allegations that *are not* entitled to the presumption of truth, the Court can then analyze the remaining *factual* allegations to determine if they state a "plausible" claim for relief (emphasis added). *See Iqbal* 556 U.S. at 662; *Twombly*, 550 U.S. at 570; *JSC Transmashholding v. Miller*, 70 F. Supp. 3d 516, 520 (D.D.C. 2014). "But raising a 'sheer possibility that a defendant has acted unlawfully' fails to satisfy the facial plausibility requirement." *JSC Transmashholding*, 70 F. Supp. 3d at 520 (quoting *Iqbal,* 556 U.S. at 678). Rather, a claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *JSC Transmashholding*, 70 F. Supp. 3d at 520–21 (quoting *Iqbal*, (citing *Twombly*,

6

550 U.S. at 556).

As shown below the Complaint fails to state a *plausible* claim for relief, under any theory of liability posited in the Complaint.

ARGUMENT

I.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE DCPS IS *NON SUI JURIS*.

First, the Complaint should be dismissed because it names only DCPS as a Defendant.  *See* Cmplt at p. 1 (Caption).  Agencies that are subordinate to the mayor are not capable of suing or being sued absent explicit statutory authority.  *Simmons v. Dist. of Columbia Armory Bd.*, 656 A.2d 1155, 1157 (D.C. 1995); *see also Amobi v. Dist. of Columbia Dep't. of Corrections*, 755 F.3d 980, 987 n.5 (D.C. Cir. 2014) (noting agencies subordinate to the mayor are *non sui juris*). DCPS is a subordinate agency pursuant to D.C. Code §§ 1-603.01(17)(EEE) (defining DCPS as a subordinate agency) and 38-171 ("Pursuant to § 1-204.04(b), the Council establishes the District of Columbia Public Schools ('DCPS') as a separate cabinet-level agency, subordinate to the mayor, within the executive branch of the District of Columbia government.").  Because there is no statutory authorization for suing DCPS, the Court should dismiss the Complaint.

The Court should not waive this requirement.  Plaintiff will likely argue that the Court should waive this legal requirement.  However, Plaintiff has been on notice since at least May 24, 2018 that she sued the wrong defendant and has taken no steps to correct her error. Therefore, because Plaintiff's Complaint caused this issue and because Plaintiff's failure to act to correct the problem has persisted for more than a year, the Court should simply dismiss the complaint.

III.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT IS UNTIMELY.

The Complaint is untimely because it was not brought within 90 days of the issuance of the HOD.  20 U.S.C. § 1415(i) creates a right to bring a civil action within 90 days of the

7

issuance of an HOD.  20 U.S.C. § 1415(i)(2)(B) ("The party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows."); *see also Smith v. District of Columbia*, 496 F. Supp. 2d 125, 128 (D.D.C. 2007) (dismissing an IDEA administrative appeal because it was filed four days late).

Attached to this motion as Exhibit 1 is a copy of the HOD from which Plaintiffs bring their appeal.  Ex. 1.  The HOD is clear that it was issued on September 24, 2017.  *Id.* at 1, 23. Ninety days from September 24, 2017 is December 23, 2017.[4]  Plaintiffs filed their complaint on January 4, 2018.  Compl. [1].  Therefore, because Plaintiff filed the complaint 102 days after the HOD, the Court should dismiss the Complaint, with prejudice.

Plaintiff will likely argue that she filed a motion for leave to proceed in forma pauperis within the statute of limitations and that her Complaint should, therefore, be deemed as timely filed.  A civil action is commenced by filing a complaint with the court.  Fed. R. Civ. P. 3.  A document not filed electronically is filed by either delivering it to the clerk or to a judge who agrees to accept it for filing, who must note the filing date on the paper and promptly send it to the clerk.  Fed. R. Civ. P. 5(d)(2).  Plaintiff has asserted that she provided a copy of her motion to proceed in forma pauperis and her complaint to the clerk's office on December 22, 2017.  She has filed documents that are stamped as received by the clerk's office on December 22, 2017. *See,* Redacted Compl. [3] (bearing a stamp stating the complaint was received on December 22, 2017).  By contrast, the docket reflects that Plaintiff's initial pleading and IFP application were "received" on January 4, 2018 and that the motion to proceed in forma pauperis was approved on

---

[4]     While not relevant to the instant motion, because December 23, 2017 was a Saturday and because the following Monday was Christmas, Plaintiff may have had until December 26, 2017 to file her complaint.  *See* Fed. R. Civ. P. 6(a) (providing a method for computing time).

January 30, 2018.   ECF at 1/4/2018 ("Initiating Pleading & IFP Application Received on 1/4/2018"); Fiat Order 1/30/2018.   Thus, it appears that the documentation Plaintiff allegedly provided on December 22, 2017 was rejected by the clerk's office and, therefore, not deemed filed.   It was only on January 4, 2018 that Plaintiff corrected whatever deficiency prevented the clerk from "reciev[ing]" the complaint and filed the current complaint.   Therefore, the Court should dismiss the complaint.

<u>CONCLUSION</u>

For the reason stated above, the Court should dismiss the Complaint with prejudice.

Respectfully submitted,

KARL A. RACINE
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*Glenn T. Marrow*
GLENN T. MARROW [252713]
Chief, Civil Litigation Division Section II

*/s/ Aaron J. Finkhousen*
AARON J. FINKHOUSEN [1010044]
Assistant Attorney General
Suite 630 South
441 Fourth Street, NW
Washington, D.C.  20001
(202) 724-7334
(202) 730-0493 (fax)
aaron.finkhousen@dc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SHONTA JONES,** *et al.*,<br><br>            **Plaintiffs,**<br><br>      **v.**<br><br>**THE DISTRICT OF COLUMBIA PUBLIC SCHOOLS,**<br><br>            **Defendant.** | **CA: 18-cv-17 (TNM/DAR)** |

## <u>ORDER</u>

Upon consideration of Defendant's Motion to Dismiss, any opposition thereto, Defendant's Reply, and the entire record herein, it is by the Court this _____ day of _____, 2019, hereby

**ORDERED** that Defendant's Motion is **GRANTED**; and it is

**FURTHER ORDERED** that the Plaintiff's Complaint is hereby **DISMISSED**, with prejudice.

_____
Judge Trevor N. McFadden
United States District Court
for the District of Columbia